IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| REAM PROPERTIES, LLC, | * | |
|     Debtor-in-Possession | * | CASE NO. 1:15-bk-02980 MDF |
| | * | |
| REAM PROPERTIES, LLC, | * | |
|     Plaintiff | * | |
| | * | ADV. NO. 1:16-ap-00037 MDF |
| v. | * | |
| | * | ADV. NO. 1:16-ap-00090 MDF |
| THOMAS HAMILTON and | * | |
| THERESA HAMILTON, | * | |
| SUSAN K. PICKFORD, | * | |
|     Defendants. | * | |

## OPINION[1]

Ream Properties LLC ("Ream") filed two adversary proceedings against Thomas and Theresa Hamilton (the "Hamiltons") and their state court attorney, Susan K. Pickford ("Pickford") (collectively, "Defendants"). Both adversaries addressed actions taken by Defendants in the Court of Common Pleas of Dauphin County against Ream's principal, Robert L. Pauletta, Jr. ("Pauletta"). Defendants have filed motions for summary judgment in both adversaries pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, the motions for summary judgment in both adversary cases will be granted and judgment will be entered in favor of Defendants and against Ream.

### I. Procedural History and Factual Findings

Ream filed its Chapter 11 bankruptcy petition on July 15, 2015. A few months before, Pauletta, without the assistance of counsel, filed a complaint in Dauphin County on behalf of

---

[1] Because the issues raised in the two adversary proceedings are interrelated, I will address both adversaries in this consolidated opinion.

Ream against the Hamiltons (the "State Court Civil Action").[2] In response to the pro se filing, the Hamiltons filed a petition for contempt against Pauletta for practicing law without a license. On July 30, 2015, Pauletta filed a "Suggestion of Bankruptcy" in the State Court Civil Action. Pauletta did not assert, however, that the automatic stay extended to him personally, nor did he immediately request this Court to extend the automatic stay to actions brought against him.

In August 2015, the Honorable Bruce F. Bratton issued an order finding Pauletta in contempt of court for violating prior court orders barring him from representing Ream pro se in violation of Pennsylvania law (the "Contempt Order"). As a sanction for contempt, Judge Bratton directed Pauletta to pay $3,295.50 to the Hamiltons on or before August 21, 2015. Pauletta did not comply with the Contempt Order prompting the Hamiltons to file a second contempt petition on August 26, 2015 (the "August 2015 Contempt Petition") against Pauletta. Later the State Court Civil Action was stayed pending a resolution of the Ream bankruptcy case. On May 31, 2016, the Hamiltons filed a Motion to Proceed with Contempt Hearing ("Motion to Proceed") against Pauletta in the State Court Civil Action.

---

[2]The Hamiltons sought relief from the automatic stay in Ream's bankruptcy case to litigate the State Court Civil Action. Arguably the action was not stayed because the complaint had been filed *by* Pauletta on behalf of Ream, not *against* Ream. See § 362(a). I denied the motion on September 1, 2015 holding that Ream's claim against the Hamiltons and the Hamiltons' claim against Ream could be more effectively resolved in the bankruptcy claims process as Ream was unrepresented in the State Court Civil Action, but had retained counsel in the bankruptcy case. Ream removed the State Court Civil Action to this Court, but then failed to pay the filing fee, and the adversary proceeding was dismissed. See Adv. Pro. No. 1-15-ap-00140-MDF. The Hamiltons have since obtained relief from the stay to pursue their claim in state court against Pauletta as a co-guarantor of a loan made to Ream.

2

On August 31, 2015, Pickford initiated a private criminal complaint against Pauletta for barratry (18 Pa. C.S. § 5109), harassment (18 Pa. C.S. § 2709(a)(3)), and the unauthorized practice of law (42 Pa. C.S. § 2524(a)) (the "Criminal Complaint"), which was approved for prosecution by an attorney for the Commonwealth and is now docketed as Commonwealth of Pennsylvania v. Pauletta (CP-22-CR-0007111-2015).[3]

On March 28, 2016, Ream filed a complaint (the "Injunction Complaint") initiating Adv. No. 1-16-ap-00037, claiming that Pickford and the Hamiltons had violated the automatic stay by filing the August 2015 Contempt Petition and the Motion to Proceed in the State Court Civil Action and by filing the Criminal Complaint against Pauletta. The purpose of the action was two fold. First, Ream sought an injunction against the prosecution of the Criminal Complaint and of the state civil contempt proceeding as being violative of the automatic stay in the Ream bankruptcy. Alternatively, Ream argued that if the automatic stay did not protect Pauletta, an injunction under § 105 should be imposed because Ream's reorganization would be adversely affected if the state court actions were permitted to continue. The Hamiltons were later dismissed as defendants in this adversary proceeding because Ream, the Hamiltons, and Pickford agreed that the matter pertains solely to actions taken by Pickford.[4]

Pickford filed a motion for summary judgment and statement of material facts on November 11, 2016. Ream filed an answer and counter statement of facts on December 5, 2016. Both parties filed supporting briefs.

---

[3]The Court takes judicial notice of the docket of the Court of Common Pleas of Dauphin County. According to the docket in case CP-22-CR-0007111-2015, Pauletta is scheduled to appear in ARD ("Accelerated Rehabilitative Disposition") Court on February 24, 2017.

[4]A Praecipe to Discontinue as to the Hamiltons was filed on September 9, 2016.

On July 15, 2016, Ream filed a second adversary proceeding against the Hamiltons and Pickford to Adv. No. 1-16-ap-00090 (the "Stay Violation Complaint") claiming that by filing the August 2015 Contempt Petition and the subsequent Motion to Proceed, the Hamiltons and Pickford violated the automatic stay imposed by § 362(a). The Hamiltons filed a motion for summary judgment and statement of material facts on November 18, 2016, Pickford filed motion for summary judgment and statement of material facts on November 21, 2016 and responsive pleadings were filed by Ream on November 30, 2016. All parties have filed briefs.[5]

## II. Discussion

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248(1986). Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

When requesting summary judgment, the movant bears the initial burden of identifying the pleadings, discovery materials, together with any affidavits, which it asserts establish the absence of a genuine issue of material fact. *EL v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 237 (3d Cir. 2007) (citing *Celotex v. Catrett,* 477 U.S. 317, 323 (1986)). After the movant meets this initial burden, the non-movant must "make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." *Huang v. BP Amoco*

---

[5] This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is a non-*Stern* core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (G). This Opinion constitutes findings of fact and conclusions of law made pursuant to Fed. R. Bankr. P. 7052.

*Corp.*, 271 F.3d 560, 564 (3d. Cir. 2001). All reasonable inferences must be granted to the non-movant at this stage. *Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986)). When the record is considered as a whole, if "a rational trier of fact" could not find for the non-moving party, there is no "genuine issue for trial." *Id.* The determination of whether a particular court action is subject to the automatic stay is a question of law and may be decided on summary judgment. *Lehman Comm. Paper, Inc. v. Palmdale Hills Prop., LLC (In re Palmdale Hills Prop., LLC)*, 423 B.R. 655, 663 (B.A.P. 9th Cir. 2010).

*A. The Injunction Complaint*

In the Injunction Complaint, Ream seeks to enjoin Pickford from pursuing the Criminal Complaint and the civil contempt action against Pauletta alleging these proceedings are being conducted in violation of the automatic stay. But he also requests that if I find that these proceedings are not subject to the automatic stay, that I impose an injunction on further prosecution to avoid imminent harm to Ream and its reorganization efforts. Stated differently, Ream asks that I find that Pickford's actions in these two state court matters are a ruse to avoid the protection of the automatic stay or that if the automatic stay is not available, Pauletta should be protected so that Ream has the resources to reorganize. In either event, Ream asserts that both state court proceedings should be enjoined.

On January 9, 2017, I granted relief from the stay to permit the Hamiltons to proceed in state court against Pauletta on a loan made to Ream guaranteed by both the Hamiltons and Pauletta. In the Opinion issued in support of the Order lifting the stay, I observed that the Injunction Complaint requested relief against Pickford, but not the Hamiltons. Accordingly, the

issue of whether the protection of the stay should be extended to Pauletta was not ripe for decision. Because the Injunction Complaint before me *is* directed at Pickford, I now must decide whether it is appropriate to extend the automatic stay to Pauletta so that Pickford is barred from pursuing either state court action against him.

Whether the automatic stay in the Ream case applies to the two actions against Pauletta is easy to resolve. In general, only the debtor is protected by the automatic stay. "[I]t is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the debtor." *McCartney v. Integra Nat'l Bank N.,* 106 F.3d 506, 509-10 (3d Cir.1997). Both the criminal action and the civil contempt action are directed at Pauletta, not Ream, thus are not subject to the automatic stay. While the caption of the state civil proceeding names Ream as one of the parties, this designation is not dispositive. "All the proceedings in a single case should not be lumped together for purposes of automatic stay analysis. Within a single judicial proceeding, some actions may be stayed, others not." *Popple v. Elliott Greenleaf & Siedzikowski, P.C. (In re Popple)*, 532 B.R. 581, 586 (Bankr. M.D. Pa. 2015) (citing *Mar. Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991). Neither the criminal proceeding nor the state court contempt proceeding are subject to the automatic stay.

The next issue is whether injunctive relief should be extended to Pauletta. I first observe that it would be incongruous to extend relief to Pauletta that would be unavailable to him if he were the debtor. The general rule is that the automatic stay imposed by § 362(a) does not apply to the commencement or continuation of a criminal action or proceeding against the debtor. 11 U.S.C. § 362(b)(1). Section 362(b)(1) is "a clear and straightforward declaration" excepting

6

criminal prosecution from the protection of the automatic stay. *Pickett v. Quinn (In re Pickett)*, 321 B.R. 663, 668 (Bankr. D. Vt. 2005).

As I recently held in *Perry Petroleum Ltd, Inc., v. Commonwealth of Pa. and E.O. Habhegger Co., Inc.,* strong policy considerations support limiting the authority of federal courts to enjoin state criminal proceedings. *Perry Petroleum Ltd, Inc., v. Commonwealth of Pa and E.O. Habhegger Co., Inc,* No. 1:16-AP-00169 MDF, 2017 WL 123733 (Bankr. M.D. Pa. Jan. 12, 2017). The only circumstances that justify such extraordinary relief are those in which the movant does not have an adequate remedy at law, will suffer an irreparable injury that is great and immediate, and the potential injury relates to "federally protected rights . . [and] cannot be eliminated by his defense against a single criminal prosecution." *Id.* (citing *Younger v. Harris*, 401 U.S. 37, 43-46 (1971)). While Ream characterizes the criminal complaint as "a very thinly disguised attempt to circumvent the prohibitions of [§ 362(a)]," Complaint, ¶ 9, an examination of the pleading does not support this assertion. Clearly, both the Criminal Complaint and the contempt motions in the State Court Civil Action address Pauletta's actions and not the assets or reorganization efforts of Ream. Ream concedes as much in its request that the automatic stay be extended to Pauletta.

Where state criminal prosecution protects state interests that are independent of the parties' personal interests, federal courts should abstain from enjoining them. *Perry Petroleum,* 2017 WL 123733 at * 3; *see also Barnette v. Evans,* 673 F.2d 1250, 1252 (11th Cir. 1982) ("There is a public interest in every good faith criminal proceeding . . . which overrides any interest the bankruptcy court may have in protecting the financial interests of debtors.") The Commonwealth has an interest in protecting the integrity of its legal system by preventing the

unauthorized practice of law, which is independent of Pickford's interest in being paid her attorneys' fees. *See In re Campanella,* 207 B.R. 435, 444 (Bankr. E.D. Pa. 1997) ("[42 Pa.C.S. § 2524(a)], and its predecessors, were enacted to 'assure the public adequate protection in the pursuit of justice'") (citing *In re Harris,* 152 B.R. 440, 444 (Bankr. W.D. Pa. 1993).

The possibility that Pauletta may be convicted or forced to pay restitution is insufficient to justify imposing injunctive relief. *Davis v. Sheldon (In re Davis),* 691 F.2d 176, 178*; Ticket Plus, Inc. v. Makoul,* 103 B.R. 574*,* 577 (Bankr. M.D. Pa. 1989); *Ropietski v. Lackawanna Cnty. Dist. Attorney*, 101 B.R. 437, 440 (Bankr. M.D. Pa. 1989). The Third Circuit has held that a federal court is permitted to intervene only when the criminal complaint is "brought in bad faith or for purposes of harassment." *Davis,* 691 F.2d at 178. When the criminal complaint is filed by the state, however, the motives of the complaining party are not considered when evaluating the good faith of the prosecutor. Here, Ream has not alleged that the state criminal proceeding was instituted in bad faith or for purposes of harassment.[6] *Spanier v. Kane*, 34 F. Supp 3d 524, 528 (M.D. Pa. 2014) (observing that "absent a threshold showing of bad faith, harassment, or other unusual circumstances, a single criminal prosecution alone—even under an unconstitutional statute—will not warrant federal court intervention, nor will an allegation of irreparable harm based on a single prosecution"). Therefore, as a matter of law, there is no basis for me to enjoin the criminal proceeding against Pauletta.

---

[6] Even if Ream can prove that Pickford acted in bad faith, her motives cannot be imputed on the Commonwealth. *In re McMullen,* 189 B.R. 402 412 (Bankr. E.D. Mich 1995) (observing that a prosecutor represents the interests of the general public and is charged with making an independent determination of whether prosecution is warranted); *Richardello v. Garrick (In re Richardello)*, 28 B.R. 344, 347 (Bankr. D. Mass. 1983) ("the intentions of the complaining witnesses are not controlling in judging the good faith of a criminal prosecution").

Ream also requests that the automatic stay be extended to Pauletta in connection with the civil contempt action. Pauletta argues that this proceeding was included by implication in my September 2015 ruling denying relief from the stay in the state court action commenced by Ream. This assertion mischaracterizes that order. Relief from the stay was denied at that time in anticipation that the dispute between Ream and the Hamiltons would be resolved in this Court. It did not address the ancillary matter concerning the contempt orders against Pauletta. The civil contempt proceeding within the State Court Civil Action relates to Pauletta's conduct before the Dauphin County court and does not involve the underlying claim Ream has asserted against the Hamiltons.

As the Third Circuit observed, the Supreme Court has explained on numerous occasions that principles of comity and federalism bar a federal court from issuing an injunction that interferes with a state courts' ability to enforce judicial orders and judgments. *Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & New Jersey Police Dep't,* 973 F.2d 169, 174 (3d Cir. 1992). More specifically, the Supreme Court has held that federal courts may not enjoin a state court from holding civil litigants in contempt. *Juidice v. Vail,* 430 U.S. 327, 338 (1977). The nonintervention doctrine is not premised on the existence of a criminal proceeding. This doctrine is based on "the notion of 'comity,' that is, a proper respect for state functions . . . ." *Id.* at 335 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 601 (1975)). "The contempt power lies at the core of the administration of a State's judicial system. " *Id.* Therefore, regardless of how the contempt proceeding may affect Pauletta's ability to ensure Ream's successful reorganization, these considerations do not take precedence over the entitlement of a sister court to govern its own affairs. *See also In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 110 (Bankr. S.D.

Tex. 2014 ("The state court is entitled to consummate the exercise of its inherent power to punish a contemnor for improper past acts that affronted the state court's dignity and authority.")

Accordingly, Ream's argument that if the civil contempt proceeding and the criminal proceeding are allowed to proceed against Pauletta, Ream's reorganization efforts will be hampered must cede to the specific limitations of § 362 and considerations of comity.

*B. The Stay Violation Complaint*

The second adversary complaint while seeking damages for violation of the automatic stay rather than an injunction to force compliance with the automatic stay, is equally flawed. As discussed above, because the State Court Civil Action involved Ream, the automatic stay was not violated for two reasons. First, § 362(a)(1) only stays actions *against* the debtor. *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.,* 682 F.2d 446, 448 (3d Cir. 1982) (observing that § 362(a)(1) "does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate"); *see also Mar. Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1205 (". . . within one case, actions *against* a debtor will be suspended even though closely related claims asserted *by* the debtor may continue . . .") (emphasis in original). The State Court Civil Action clearly was commenced by Ream against the Hamiltons. Therefore, the action is not stayed by § 362(a)(1).

Second, the actions Ream has argued were commenced in violation of the automatic stay – the Contempt Petition, the Motion to Proceed and the Criminal Complaint – were all brought against Pauletta individually seeking relief only against him and not against Ream. Accordingly, as a matter of law, Ream has failed to meet its burden of proof under § 362(h), and summary judgment must be granted in favor of the Hamiltons and Pickford.

10

## III. Conclusion

For the reasons set forth in this Opinion, summary judgment is granted in favor of Pickford with regard to the March 2016 Adversary. Summary judgment is also granted in favor of the Hamiltons and Pickford with regard to the July 2016 Adversary. Judgment will be entered in favor of Defendants and against Plaintiff in both adversary matters.

By the Court,

Date: January 30, 2017

*Mary D. France*
Bankruptcy Judge